UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sebastian V., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and Sheriff Joel Brott Sheriff of Sherburne County, physical custodian of Sherburne County Jail, <br><br> Respondents. | Civ. No. 26-584 (PAM/SGE) <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Sebastian V.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Mexico. (Id. ¶¶ 7, 13.) In 2004, he entered the United States, and the record does not support that he was inspected by an immigration officer or paroled into the country. (Id. ¶ 13.) Petitioner is in removal proceedings in immigration court. (Id. ¶ 16.) On January 22, 2026, Respondents detained him, and he remains in their custody. (Id. ¶¶ 7, 13.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention

is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner argues that § 1225 applies only to aliens "seeking admission" at the United States' border, and because he has lived in the United States for many years, he is not "seeking admission." Indeed, many courts agree with Petitioner's interpretation of § 1225(b)(2)(A). However, the Court determines that the growing minority of district courts rejecting Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that an alien who is an "applicant for admission" is necessarily "seeking admission." Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law." Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012). Moreover, an alien's participation in removal proceedings is an attempt to obtain admission

3

to the United States or other legal status to remain here, and thus it is by its very nature seeking relief from removal. See 8 U.S.C. § 1229a(c)(2)(A), (c)(4).

Petitioner's attempt to distinguish an "applicant for admission" from an alien "seeking admission" lacks merit. See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted. Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Petitioner contends that his detention is also improper because Respondents did not have a warrant for his arrest, but "Section 1225(b) does not include a warrant or an arrest requirement." Melgar, 2025 WL 3496721, at *8. Thus, as a matter of law, Petitioner is not entitled to the relief he seeks.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>February 16, 2026</u>        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge